**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| ELSHAN BAYRAMOV, | ) | |
| | ) | |
| *Appellant,* | ) | |
| | ) | Case No. 1:25-cv-144 (PTG/WBP) |
| v. | ) | |
| | ) | No. 23-11984 (KHK) |
| GERARD R. VETTER, | ) | (Chapter 7) |
| | ) | |
| *Appellee.* | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Appellant Flexacar, LLC's[1] ("Flexacar") appeal of the United States Bankruptcy Court for the Eastern District of Virginia's January 14, 2024 oral ruling and January 17, 2025 order. Dkt. 1. Appellees in this matter are the United States Trustee ("U.S. Trustee") and American Credit Acceptance, LLC. American Credit Acceptance, LLC has noticed an appearance in the instant matter but has not filed a brief. Pursuant to 28 U.S.C. § 58, the U.S. Trustee is tasked with "supervis[ing] the administration of cases and trustees in cases under chapter 7, 11 . . . ." "The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under [Title 11] . . . ." 11 U.S.C. § 307.

On December 6, 2023, Flexacar filed for Chapter 11 bankruptcy. *In re Flexacar LLC*, No. 23-11984 (Bankr. E.D. Va. 2025) ("Bankr. Dkt."). On January 14, 2025, the bankruptcy court orally denied Flexacar's Third Amended Disclosure Statement and converted Flexacar's case from Chapter 11 Bankruptcy to Chapter 7 Bankruptcy. Bankr. Dkt. 165. On January 17, 2025, the

---

[1] *Pro se* appellant Elshan Bayramov filed the notice of appeal in this matter. Dkt. 1. However, Mr. Bayramov has not filed any brief. Instead, the Debtor, Flexacar, has prosecuted this appeal. *See* Dkt. 7.

1

Court entered an order converting Flexacar's case to Chapter 7 Bankruptcy. Bankr. Dkt. 183. On January 27, 2025, Appellant Elshan Bayramov filed the appeal with this Court. Dkt. 1. Flexacar and the U.S. Trustee have fully briefed this appeal. On May 14, 2025, Flexacar filed a motion to stay pending appeal. Dkt. 12. On June 5, 2025, the Court heard oral argument on the motion to stay and denied the motion from the bench. Dkt. 16. On August 14, 2025, the Court heard oral argument on the appeal. For the reasons that follow, the Court affirms the decision of the bankruptcy court converting this case to Chapter 7.

## I.    BACKGROUND

### A.    Statutory Framework

"Chapter 11 of the Bankruptcy Code enables a debtor company to reorganize its business under a court-approved plan governing the distribution of assets to creditors." *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 272 (2024) (quoting *U.S. Bank N.A. v. Village at Lakeridge, LLC*, 583 U.S. 387, 389 (2018)). "A § 1125 disclosure statement accompanying a plan of reorganization is designed to provide information to creditors to permit them to determine whether to vote for or against the plan." *Nelson v. Dalkon Shield Claimants Trust (In re A.H. Robins Co., Inc.)*, 216 B.R. 175, 180 (E.D. Va. 1997), *aff'd*, 163 F.3d 598 (4th Cir. 1998). For a reorganization plan to be approved, the bankruptcy court must find that the accompanying disclosure statement "contain[s] adequate information" such that creditors and other parties in interest are given sufficient information about the plan. 11 U.S.C. § 1125(b).

> "'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ."

2

11 U.S.C. § 1125(a)(1). The U.S. Trustee and other creditors may object to a disclosure statement on the grounds that it does not provide adequate information. *See In re Mohammad*, 596 B.R. 34, 38-39 (Bankr. E.D. Va. 2019), *aff'd sub nom. Mohammad v. Fitzgerald*, 790 F. App'x 534 (4th Cir. 2020).

After a disclosure plan has been approved, the bankruptcy court holds a confirmation hearing on the reorganization plan. *See* 11 U.S.C. § 1128. However, "a bankruptcy court can determine at the disclosure statement stage that a Chapter 11 plan is unconfirmable without first holding a confirmation hearing . . . if it is obvious that the plan is patently unconfirmable . . . ." *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 158 (3d Cir. 2012). A plan for reorganization cannot be confirmed unless the court finds "that the plan was 'proposed in good faith.'" *In re Kaiser Gypsum Co., Inc.*, 135 F.4th 185 (4th Cir. 2025). There is "strong evidence" that "a plan is proposed in good faith where it 'fairly achieve[s] a result consistent with the objectives and purposes of the Bankruptcy Code.'" *Id.* (alteration in original) (quoting *In re Am. Cap. Equip., LLC*, 688 F.3d at 158). The two "recognized" objectives of the Bankruptcy Code are "preserving going concerns and maximizing property available to satisfy creditors." *Id.* (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'Ship*, 526 U.S. 434 (1999)).

## B.    Bankruptcy Litigation

Flexacar is the commercial landlord of a building in Stafford, Virginia worth $2.3 million. Dkt. 9 at 10. Atlantic Union Bank has a lien against the commercial building to secure a $1.3 million debt. *Id.* On December 6, 2023, Flexacar filed for Chapter 11 Bankruptcy. Bankr. Dkt. 1. On April 4, 2024, Flexacar filed its first disclosure statement. Bankr. Dkt. 70. The U.S. Trustee and Atlantic Union Bank objected to the disclosure statement. Bankr. Dkts. 74, 76. Atlantic Union Bank's objection argued in part that Flexacar's plan was patently unconfirmable. Bankr. Dkt. 76

3

¶¶ 17-25.  On May 14, 2024, the bankruptcy court continued a hearing on the disclosure statement and ordered an amended disclosure be filed by June 4.  Bankr. Dkt. 78.  On June 4, 2024, Flexacar filed its Amended Disclosure Statement.  Bankr. Dkt. 82.  Atlantic Union Bank again objected to the Amended Disclosure Statement on the grounds that it was patently unconfirmable.  Bankr. Dkt. 83 ¶¶ 22-30.  On June 11, 2024, the bankruptcy court held a hearing on the Amended Disclosure Statement, at which the bankruptcy court denied approval of the Amended Disclosure Statement. Bankr. Dkt. 84.

After the June 11, 2024 hearing, the bankruptcy court ordered Flexacar to appear at a later hearing to "show cause, if any, why this case should not be converted to one under Chapter 7 of the Bankruptcy Code."  Dkt. 9-1 at UST0167.  The bankruptcy court "questioned [Flexacar's] good faith in filing two successive Disclosure Statements for Plans that were patently unconfirmable."  *Id.*  On September 9, 2024, Flexacar filed its Second Amended Plan of Reorganization and Second Amended Disclosure Statement.  Bankr. Dkts. 106-07.  On September 10, 2024, the bankruptcy court held a hearing on the show cause order, removing it as satisfied and setting the Second Amended Disclosure Statement for hearing.  Bankr. Dkt. 109.  On October 15, 2024, the U.S. Trustee filed a Motion to Dismiss or Convert Flexacar's case to Chapter 7. Bankr. Dkt. 111.

On November 19, 2024, the bankruptcy court held a hearing on the Second Amended Disclosure Statement and denied its approval, noting that the statement did not provide adequate information. Dkt. 9-1 at UST0336.  The bankruptcy court did not rule on the U.S. Trustee's Motion to Convert and instead gave Flexacar "one last opportunity" to submit an adequate Disclosure Statement.  *Id.*  The Court set a hearing for the Third Amended Disclosure Statement on January

4

14, 2025, and informed the parties that "if that disclosure statement can't be approved . . . this case will be converted to Chapter 7." *Id.*

On December 10, 2024, Flexacar filed its Third Amended Disclosure Statement and Third Amended Plan. Bankr. Dkts. 141, 142. In its Third Amended Disclosure Statement, Flexacar described its assets as totaling approximately $3.26 million and its debts totaling approximately $40 million. Bankr. Dkt. 142 at 6-7. On January 2, 2025, the U.S. Trustee objected to the Third Amended Disclosure Statement. Bankr. Dkt. 152. On January 13, 2025, the day before the hearing on the Third Amended Disclosure Statement, Flexacar supplemented its Third Amended Disclosure Statement with a list of exhibits counsel intended to introduce at the hearing on January 14, 2025. Bankr. Dkt. 164. During the January 14, 2025 hearing, the bankruptcy court declined to consider the evidence filed the previous day. Dkt. 9-1 at UST0418. The bankruptcy court found that the disclosure statement was inadequate and converted the case to Chapter 7. *Id.* On January 17, 2025, the bankruptcy court entered an order memorializing its January 14 oral ruling. Dkt. 9-1 at UST0434.

## II.    LEGAL STANDARD

Federal district courts are empowered to hear appeals from final judgments, orders, and decrees issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). When considering an appeal from the bankruptcy court, "[d]istrict courts review a Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*." *Shin v. Lee*, 550 F. Supp. 3d 313, 318 (E.D. Va. 2021) (citing *Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja)*, 743 F.3d 432, 429 (4th Cir. 2014)). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite or firm conviction that a mistake has been committed."

5

*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394-95 (1948)).

A motion to dismiss or convert a case "invokes a two-step analysis, first to determine whether 'cause' exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and second to determine which option is in 'the best interest of creditors and the estate.'" *In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994). Both determinations are reviewed for an abuse of discretion. *Id.*; *In re Fraidin*, 110 F.3d 59, at *2 (4th Cir. 1997). A court "abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *United States v. Henry*, 673 F.3d 285, 291 (4th Cir. 2012).

## III.    ANALYSIS

At issue on appeal is whether the bankruptcy court abused its discretion in finding cause to convert the Chapter 11 proceedings to Chapter 7. Flexacar argues (1) that the bankruptcy court did not make sufficiently clear findings of fact and conclusions of law as to why it converted the case; (2) that Flexacar's plan was not "patently unconfirmable;" and (3) that failing to allow Flexacar to present evidence that the plan was feasible at the January 14, 2025 hearing was an abuse of discretion. Dkt. 7.

A bankruptcy court "shall convert a case . . . to a case under chapter 7 or dismiss a case . . . for cause unless the court determines that the appointment . . . of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). A bankruptcy court can find cause in circumstances including "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(J). Courts have found that failure to file an acceptable disclosure statement by a

6

deadline provided by the court meets the § 1112(b)(4)(J) standard. *See Lynch v. Barnard*, 590 B.R. 30, 36, 38 (E.D.N.Y. 2018), *aff'd sub nom.*, *In re Lynch*, 795 F. App'x 57 (2d Cir. 2020); *In re Fuschi-Aibel*, 2020 WL 714324, at *3 (Bankr. D. Conn. Jan. 24, 2020).

To be approved, "a disclosure statement need not be perfect and may be approved if the information is reasonable in the circumstances." *In re Price Funeral Home, Inc.*, 2008 WL 5225845, at *2 (Bankr. E.D.N.C. Dec. 12, 2008). At minimum, 11 U.S.C. § 1125(a)(1) and (b) require that a disclosure statement "contain[] adequate information," defined as information "that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ." "The determination of whether the disclosure statement has adequate information is made on a case by case basis and is largely within the discretion of the bankruptcy court." *In re A.H. Robins Co., Inc.*, 880 F.2d 694, 698 (4th Cir. 1989), *abrogated on other grounds by Harrington v. Purdue Pharma L. P.*, 603 U.S. 204 (2024).

At the November 19, 2024 hearing, the bankruptcy court informed that parties that it would "continue the motion to dismiss" to January 14, 2025, at which point, if a new disclosure statement could not "be approved, this case will be dismissed, [or] will be converted to Chapter 7." Dkt. 9-1 at UST0336:19-23. At the January 14, 2025, hearing the bankruptcy court found cause to convert the case to Chapter 7 bankruptcy based on 11 U.S.C. § 1112(b). Dkt. 9-1 at UST0174. The bankruptcy court stated that its decision to convert the case was based on "all the reasons that counsel ha[d] put on the record" during the January 14 hearing. Dkt. 9-1 at UST0418. These reasons included that Flexacar's Chapter 11 plan was not feasible, that funding for the plan was speculative, and that the disclosure statement lacked an explanation of how the individuals purportedly funding the plan would make required payments. *Id.* at UST0408-09. Accordingly, the bankruptcy court made sufficiently clear findings of fact and conclusions of law and did not

7

abuse its discretion when it found that the Third Amended Disclosure Statement did not include adequate information.

Flexacar attempts to distinguish *Lynch v. Barnard* and *In re Fuschi-Aibel* to no avail. In *Lynch*, the bankruptcy court ordered conversion while noting that "the value of the estate was being diminished," which Flexacar highlights was not a finding here. 590 B.R. at 37. However, the court in *Lynch* also converted the case because "the proposed reorganization plans appeared to have little chance in succeeding," given that the proposed disclosure statement and plan were "unlikely to be approved" and the disclosure statement did not "contain[] adequate information," as is the case here. *Id.* at 36-37. Flexacar addresses *In re Fuschi*-Aibel by noting that the bankruptcy court there found a disclosure statement was "legally deficient" while arguing that, here, the bankruptcy court failed to engage with the Third Amended Disclosure Statement at all and thus did not find that the disclosure was "legally deficient." Dkt. 11 at 5-6. Flexacar's arguments are plainly contradicted by the record of the bankruptcy court's findings in this case.

Based on the transcript of the bankruptcy court's January 2025 hearing and considering language of 11 U.S.C. § 1112(b)(4), the bankruptcy court found that Flexacar had failed "to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4). Flexacar was on notice that it had "one last opportunity to produce evidence of the financial performance of the funding sources" or else the case would be converted. Dkt. 9-1 at UST0336. Then, as argued at the January 2025 hearing, the Third Amended Disclosure still did not address how it would fund the plan "to repay creditors over fifteen years [$4,520,000], and the six sources of money to fund the plan are speculative and not supported by any documents." Dkt. 9-1 at UST0408:2-8. The bankruptcy court agreed, held that Flexacar's disclosure statement remained insufficient, and properly found cause to convert the case. *Id.* at

8

UST0418:10-15. While the bankruptcy court did not provide a specific citation to § 1112(b)(4) in ruling, the record provides sufficient clarity for this Court to "understand what [the bankruptcy court] has decided and why." *White Indus., Inc.*, 845 F.2d at 1499.

Flexacar separately argues that the bankruptcy court abused its discretion if the case was converted under § 1112(b)(4)(E) for failure to comply with a court order. This argument is also unavailing. The bankruptcy court ordered Flexacar to file a "clean disclosure statement that provides adequate information about the sources of funding" before January 14, 2025. Dkt. 9-1 at UST0336. The bankruptcy court found that the Third Amended Disclosure Statement, on its face, did not provide adequate information. *Id.* at UST0408-09, UST0418. Thus, Flexacar failed to comply with a court order. "The failure to comply need not be willful, or the product of bad faith, or fraud." *In re Unique Tool & Mfg. Co., Inc.*, 2019 WL 5589085, at *12 (Bankr. N.D. Ohio Oct. 25, 2019) (citing *In re Babayoff*, 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011)). Even "failure to comply with a single court order may be sufficient for cause." *Id.*

Having found that cause for dismissal or conversion existed, the next step of the bankruptcy court was to determine whether dismissal or conversion was in the best interest of the creditors. *In re Superior Siding & Window, Inc.*, 14 F.3d at 242. Flexacar argues that the bankruptcy court should have dismissed the case instead of converting it. *See* Dkt. 7 at 24. However, Flexacar presents this argument only on appeal and did not raise it with the bankruptcy court. *See* Dkt. 9 at 29-30. "Absent exceptional circumstances, an appellate court will not consider an issue raised for the first time on appeal." *Levy v. Kindred*, 854 F.2d 682, 685 (4th Cir. 1988) (citing *United States v. One 1971 Mercedes Benz*, 542 F.2d 912, 915 (4th Cir.1976)). Accordingly, Flexacar has waived this argument. Even had it not, the bankruptcy court's decision to proceed with conversion was not an abuse of discretion because Flexacar's largest creditor, American Credit Acceptance,

supported conversion instead of dismissal at the January 14, 2025 hearing. Dkt. 9-1 at UST0352–53, 409, 412; *see In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 802 (E.D. Pa. 2000) ("[C]reditors are the best judge of their own best interests.").

Flexacar next argues that the bankruptcy court did not convert the case for cause and instead converted the case because it was "patently unconfirmable." Dkt. 7 at 16-17. This is not supported by the record. The bankruptcy court stated it was converting the case based on "all the reasons that counsel ha[d] put on the record." Dkt. 9-1 at UST0418. Counsel did not argue that the plan was patently unconfirmable. Instead, counsel pointed out specific flaws with the Third Amended Disclosure Statement. Dkt. 9-1 at UST0407-UST0409. The bankruptcy court's oral ruling makes clear that the Third Amended Disclosure Statement was not approved because of its substantive deficiencies—not because it was patently unconfirmable.

Finally, Flexacar argues the bankruptcy court abused its discretion by not considering the exhibits and witnesses Flexacar filed the day before the January 14, 2025 hearing. Dkt. 7 at 22-23. Flexacar filed previously undisclosed witnesses and twenty-one previously undisclosed exhibits the evening before the January 14 hearing, which did not allow the bankruptcy court and the creditors sufficient time to review them before the hearing. Bankr. Dkt. 164. The bankruptcy court noted that if Flexacar had provided the witnesses and exhibits to the court and the creditors "a month ago . . . that would have been disclosure." Dkt. 9-1 at UST0421. Because information from the witnesses and exhibits were not properly filed as part of the disclosure, the bankruptcy court was within its discretion to disregard them. *See In re Diocese of Rochester*, 2024 WL 666507, at *1–2 (Bankr. W.D.N.Y. Feb. 16, 2024) (rejecting a disclosure statement because it relied on information that was not included "within the four corners" of the statement). Moreover, allowing Flexacar to introduce these exhibits and witnesses would ratify an attempt at "trial by

ambush," which runs contrary to "[t]he basic purpose of the federal rules." *Ginns v. Towle*, 361 F.2d 798, 801 (2d Cir. 1966).

Flexacar also complains of lacking adequate notice and hearing. However, the bankruptcy court gave Flexacar multiple opportunities to argue its case and provide adequate disclosure statements up to and including January 14, 2025. *See* Bankr. Dkts. 78, 84, 98, 109, 118, 134, 166. At the January 14, 2025 hearing, the bankruptcy court asked Flexacar's counsel directly, "What can you tell me now that you think is going to help me change my mind? I'm willing to hear you out." Dkt. 9-1 at UST0418. As the record reflects, a lack of notice or opportunities to be heard was not the reason this case was converted.

## IV.    CONCLUSION

For these reasons the Court finds that the bankruptcy court did not abuse its discretion when it converted this case from Chapter 11 Bankruptcy to Chapter 7 Bankruptcy. Accordingly, it is hereby

**ORDERED** that the bankruptcy court's January 14, 2024 oral ruling and January 17, 2025 order are **AFFIRMED**.

Entered this 17 day of March, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

11